The Honorable Jim Von Gremp State Representative P.O. Box 866 Bentonville, Arkansas 72712-0866
Dear Representative Von Gremp:
This is in response to your request for an opinion on the following five statements of fact as you know them:
 1. The State Board of Vocational Education is authorized to establish adult education schools (A.C.A. 6-51-202).
 2. The adult education program previously operated by the Benton County Board of Education and now operated by the Northwest Arkansas Community College was established by the State Board of Vocational Education, and even though the employees of this adult education program were technically paid by Benton County, the adult education school was a state-supported, state-authorized post secondary vocational-technical school.
 3. A.C.A. 6-51-205(c) provides that `all laws governing the employment of personnel for the Department of Education, including such matters as leave regulations and teacher retirement membership shall apply to employees of all vocational-technical and adult education schools. [Emphasis original.]
 4. Employees of state agencies, including the Department of Education, may transfer and retain all accumulated sick leave credits under the provision of A.C.A. 21-4-207.
 5. A.C.A. 6-53-107 provides that `employees of a state-supported post secondary vocational-technical school converting to an institution under the technical and community college system . . . shall have all rights and benefits of employment . . . that they had when employed by the state-supported post secondary vocational-technical schools. . . .'
You ask, with regard to these facts, why the employees of the adult education program previously operated by the Benton County Board of Education and now operated by the Northwest Arkansas Community College wouldn't be able to transfer and retain all of their sick leave accumulated while the adult education program was operated by the Benton County Board of Education to their present employer, the Northwest Arkansas Community College.
The subject of your question was addressed in Op. Att'y Gen.93-278, previously issued to you. It was concluded therein that these employees, based upon the facts as I understood them at the time of the issuance of that opinion, were not eligible to transfer sick leave to the new employer. No statute was found to govern or authorize the transfer of sick leave accumulations under the circumstances outlined in that opinion request.
Your current request appears to present new facts. You now indicate that the adult education program at issue was "established by the State Board of Vocational Education." You also indicate that the school was a "state-authorized post secondary vocational-technical school." Opinion 93-278 clearly states in footnote 2, that the conclusion of that opinion assumes that the employees are not employees of an "adult education school" created under the authority of A.C.A.6-51-202. If they were employees of such a school, Opinion93-278 indicates that they would be eligible to transfer sick leave pursuant to A.C.A. 21-4-207. See Op. 93-278 at n. 2. The opinion also assumed, from the information provided, that the employees at issue were not state employees. Such employees would be able to transfer sick leave pursuant to A.C.A. 21-4-207. In addition, if the employees were employed by a "state-supported postsecondary vocational-technical school" which was "converted" to an "institution" under the technical and community college system, they would be eligible to transfer sick leave pursuant to A.C.A. 6-53-107 (Cum. Supp. 1993).
I cannot resolve the factual issue as to the exact nature or status of the Benton County adult education program at issue. Its exact nature must be determined with reference to the documents or other evidence surrounding its creation. I was given the impression, from the correspondence attached to your original request, and from discussions with interested parties, that this adult education program was created as an "Opportunity School" by the Benton County Board of Education under the authority of A.C.A. 6-12-113 (since repealed by Act 294 of 1993). If this assumption is correct then so is the conclusion reached in Opinion 93-278. If it is not correct, and the facts are actually as stated in your current request, the employees in question may be eligible to transfer sick leave accumulations.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh